NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES MITCHELL, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PARTNERS PERSONNEL MANAGEMENT SERVICES LLC, *Respondent Employer*,

STARR SPECIALTY INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 24-0012
FILED 12-31-2024

Special Action - Industrial Commission
ICA Claim No. 20222170349
Carrier Claim No. 1375-WC-22-0300552
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

COUNSEL

James Mitchell, Tucson
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark Barberich La Mont & Puig PC, Phoenix
By Kirk A. Barberich, David T. Lundmark,
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**J A C O B S**, Judge:

**¶1**　　　　The Industrial Commission of Arizona ("ICA") dismissed James Mitchell's request for hearing as untimely.  The record supports this determination, so we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Mitchell sustained an injury from a slip-and-fall accident at work in July 2022.  He received workers' compensation benefits as a result.  In May 2023, an independent medical examination ("IME") concluded that Mitchell's injuries had resolved, so he was not permanently impaired and no longer needed active or supportive care.  Respondent Starr Specialty Insurance Company ("Starr") stopped paying benefits in May 2023, based on the IME, and on June 1, 2023, mailed Mitchell a notice terminating his benefits.

**¶3**　　　　On September 7, 2023, 98 days after Starr mailed its notice terminating his benefits, Mitchell requested a hearing.  Starr and Mitchell's employer, Partners Personnel Management Services, LLC, moved to dismiss the hearing request as untimely.

**¶4**　　　　An ICA Administrative Law Judge ("ALJ") held a hearing on timeliness.  She heard Mitchell testify about why he filed his request beyond the 90-day limit.  He testified he received the notice ending his benefits but that he could not recall when he received it.  He further testified he relocated twice within his apartment complex in the summer of 2023.  The notice was mailed to his first apartment number.  Mitchell acknowledged he did not tell the ICA of his new apartment numbers during the 90-day protest period.

2

¶5        The ALJ found Respondents had mailed the notice to Mitchell's address of record and that Mitchell failed to file his hearing request within the 90-day deadline.  She also found Mitchell did not exercise reasonable diligence because he did not inform the ICA or Respondents of his address changes.  She, therefore, dismissed the hearing request.  After Mitchell filed for review and the ALJ affirmed the dismissal, Mitchell brought this statutory special action under A.R.S. § 23-951(A) to review the lawfulness of the ALJ's decision.  We have jurisdiction under A.R.S. § 12-120.21(A)(2).

## DISCUSSION

¶6        We consider the evidence in the light most favorable to upholding the ALJ's decision.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16 (App. 2002).  We affirm unless there is no reasonable basis for the decision. *See id.; Hoffman v. Brophy*, 61 Ariz. 307, 312 (1944) (upholding an award "if there is any competent evidence in the record to sustain [it]").

¶7        A claimant has 90 days to request a hearing after a Notice of Claim Status issues.  A.R.S. § 23-947(A).  The notice becomes final if a claimant does not timely request a hearing.  A.R.S. § 23-947(B).  To be excused from this deadline, claimants must exercise reasonable care and diligence so they would likely learn of a notice during the 90 days.  A.R.S. § 23-947(C).  Diligence includes keeping the ICA and the carrier apprised of changes to their address.  A.A.C. R20-5-104(A).  And even a diligent claimant's late filing is excused only if that claimant: (1) justifiably relied on a statement from the employer, carrier, or ICA; (2) suffered from insanity or legal incompetence or incapacity, including being underage, at the time the notice was issued; or (3) proved by clear and convincing evidence they did not receive the notice.  A.R.S. § 23-947(B)(1)-(3).

¶8        None of those excusing circumstances are present here.  The ALJ found Mitchell did not reasonably update his address during the summer of 2023.  Mitchell suggests no basis to overturn that finding.  And his Request for Hearing was filed on September 6, 2023, eight days after the 90-day protest period ended.  Accordingly, the ALJ did not err in dismissing Mitchell's untimely request for hearing and did not err in finding Mitchell was not diligent.

## CONCLUSION

¶9        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM